```
FILED
CLERK, U.S. DISTRICT COURT

9/5/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MRV___ DEPUTY
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jules Falcone
632 Britannia Street
Los Angeles, California 90033
Phone: 213-915-7356
Email: joeyaice@live.com

2:24-cv-07736-JGB-AJR

Jules Falcone
Plaintiff,

v.

CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT,
CAPTAIN DAVILA (HOLLENBECK DIVISION),
OFFICER RUIZ (#37547),
OFFICER VILLEGAS (#44955),
OFFICER ROBLEDOS,
INTERNAL AFFAIRS DIVISION (LAPD),
OFFICER JOHN DOE #1,
OFFICER JOHN DOE #2,
LOS ANGELES PARKING ENFORCEMENT,
OFFICER CONTRERAS,
OFFICER JOHN DOE PARKING ENFORCEMENT #2,
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,
ALEX VILLANUEVA (FORMER SHERIFF),
DEPUTY VERONICA FANTOM,
BRIAN SAM (CITY ATTORNEY'S OFFICE),
AND DOES 1-10,
Defendants.

Addresses for Service:

Los Angeles Police Department (Hollenbeck Division)
2111 E 1st St,

Los Angeles, CA 90033

Los Angeles Parking Enforcement
411 N Vermont Ave,
Los Angeles, CA 90004

Los Angeles County Sheriff's Department
Hall of Justice
211 W Temple St,
Los Angeles, CA 90012

City Attorney's Office
Los Angeles City Attorney's Office
200 N Main St,
Los Angeles, CA 90012

Body of the Complaint

November 26, 2020:
I purchased an RV, which became my primary residence.

July 3, 2022:
Parking enforcement officers began harassing and threatening me with ticketing and towing my RV, despite my adherence to all laws. I was living in the RV, and Mayor Garcetti's policy was to not tow RVs being used as residences, except in extreme circumstances, which did not apply in my case.

Legal Issues:

   42 USC 1983: Violation of my Fourth Amendment right against unreasonable seizures, as there was no legal basis for threatening to tow my RV.
   Intentional Infliction of Emotional Distress (IIED): The harassment caused significant emotional distress.
   42 USC 1985: Possible conspiracy to deprive me of my property without due process.

July 4, 2022:

I emailed Sheriff Villanueva, as he is the highest law enforcement officer in the area, apprising him of the harassment and asserting my rights.

Legal Issues:

   42 USC 1986: Failure to prevent a known conspiracy to violate my rights.

July 6, 2022:
I filed a UC-1 form, registering my RV federally, and placed private plates on it.

August 24, 2022:
Parking Enforcement Officer Contreras marked the street and informed me that vehicles that did not move by the next morning would be towed. My RV and a BMW (which I had just purchased from a police auction) were parked there.

Legal Issues:

   42 USC 1983: Threat of seizure without due process.
   42 USC 1985: Potential conspiracy to deprive me of my property without due process.

August 25, 2022 (9:15 a.m.):
I saw Parking Enforcement Officer Contreras outside and videotaped a conversation with him and another parking enforcement officer (John Doe Parking Enforcement Officer #2). Contreras assured me that my car would not be towed, acknowledging that I had just bought it and had an appointment with the DMV to register it. However, he questioned the private plates on my RV, and I explained the difference between "color of law" and "actual law." I believe this explanation angered him, leading to retaliatory actions.

August 25, 2022 (11:25 a.m.):
LAPD officers Ruiz (#37547) and Villegas (#44955) arrived and towed my BMW despite my showing them paperwork proving I had just bought it from a police auction. I recorded the incident, accusing them of theft. The officers disregarded my protests and left with my car.

Legal Issues:

   42 USC 1983: Violation of my Fourth Amendment right, as my car was towed without legal justification.

    Intentional Infliction of Emotional Distress (IIED): The towing caused significant emotional distress.

    Civil RICO Racketeering Laws (18 USC 1964): If proven, this may be part of a conspiracy to unlawfully seize my property.

August 25, 2022 (12:00 p.m.):
I contacted Sheriff Villanueva via the sheriff's website, informing him of the towing and requesting his intervention.

August 25, 2022 (1:10 p.m.):
Deputy Veronica Fantom from the Sheriff's Information Bureau responded, stating that the Sheriff's Department would not get involved, thus failing to protect my rights.

Legal Issues:

    42 USC 1986: Failure to act to prevent the violation of my rights.

April 1, 2024:
I filed a claim with the City Attorney's Office.

April 29, 2024:
Officer Robledos contacted me, stating that the City Attorney's Office had asked him to investigate the case.

April 30, 2024:
I sent Officer Robledos two private videos from August 25, 2022, making them unlisted so that only he could view them. I expressed my hope for a positive resolution, even offering to settle for the amount I paid for the car.

May 15, 2024:
I attended a meeting with the captain of Hollenbeck Division, who was aware of my situation, but it continued to worsen.

May 29, 2024:
I discovered insulting comments on my private YouTube videos, which I had only shared with Officer Robledos. My YouTube analytics showed that 28 separate accounts had viewed my videos, indicating that my confidential evidence had been mishandled.

Legal Issues:

    42 USC 1983: Violation of my First Amendment right, as sharing my evidence constituted a retaliatory act against protected speech.
    Intentional Infliction of Emotional Distress (IIED): Mishandling my confidential evidence led to significant emotional distress.
    42 USC 1985: Conspiracy to violate my civil rights.

June 1, 2024:
I filed a complaint with the Office of the Inspector General, believing that Officer Robledos had violated my rights by mishandling my confidential evidence.

June 12, 2024:
The Office of the Inspector General referred the matter to Internal Affairs. They have been professional and helpful throughout the process.

On or About July 9, 2024:
Internal Affairs contacted me (John Doe Internal Affairs #1) and informed me that he was investigating whether Officer Robledos properly handled the evidence I provided. He also stated that Internal Affairs (John Doe Internal Affairs #2) were responsible for investigating whether the towing and subsequent sale of my car were conducted in accordance with LAPD procedures. He mentioned that new cases would be filed for the other issues I raised.

July 19, 2024:
I contacted the City Attorney's Office to inquire about their decision, as I had not received any communication. Brian Sam at the City Attorney's Office responded with an email with a rejection letter attached dated April 18, 2024.

Legal Issues:

    42 USC 1983: Potential violation of due process, as the rejection letter and subsequent investigation appear to be inconsistent.
    Intentional Infliction of Emotional Distress (IIED): The mishandling of my case has caused significant emotional distress.

On or About July 21, 2024:

I left a message with Internal Affairs requesting information about my case but have not received a response.

Damages:

Violation of Oath of Office Penalty: $250,000 (18 USC 3571)
Conspiracy: $10,000 (18 USC 241)
Deprivation of Rights Under Color of Law: $1,000 (18 USC 242)
Extortion: $5,000 (18 USC 872)
Fraud: $10,000 (18 USC 1001)
RICO Racketeering Civil: $25,000 (18 USC 1964(c))
Bribery Concerning Receiving Federal Funds: $5,000 (18 USC 666)
Obstructing and Delaying Commerce (Hobbs Act): $5,000 (18 USC 1951)

Total for One Defendant:
$250,000 + $10,000 + $1,000 + $5,000 + $10,000 + $25,000 + $5,000 + $5,000 = $311,000

As a result of the violations of my constitutional rights and federal law, I seek damages totaling $311,000 per defendant. Given that there are 12 defendants involved in this case, I am seeking a total of $3,732,000 in compensatory damages.

In addition to compensatory damages totaling $3,732,000, I am also seeking punitive damages amounting to three times the compensatory damages, given the egregious and intentional nature of the defendants' actions. This brings the total punitive damages sought to $11,196,000.

Grand Total Damages Sought:
$3,732,000 (compensatory) + $11,196,000 (punitive) = $14,928,000. The punitive damages are requested to serve as a deterrent to the defendants and others from engaging in similar violations of constitutional rights and federal laws in the future.

Respectfully submitted,

Jules Falcone
632 Britannia Street
Los Angeles, CA 90033
Plaintiff, Pro Se